## TIMMONS v. TIMMONS.
### No. 12105.

Court of Civil Appeals of Texas.
Galveston.
June 30, 1949.

Quinton Wright, Houston, for appellant.

Henry Greenberg, Galveston, for appellee.

CODY, Justice.

This was a suit by appellant, who alleged that she was the wife of appellee, for a divorce, and for the partition of the property alleged to have been accumulated during the alleged marriage. The suit was also brought to recover attorney's fees. In the alternative, appellant alleged that if, unknown to her, some dissolving or diriment impediment prevented the formation of a marriage between her and appellee, that "then your plaintiff alleges that she worked with the defendant, engaging in their mutual business ventures for their mutual profit and in addition thereto your plaintiff took care of their home, cooking, washing and keeping for the defendant as well as assisting the defendant in his work, devoting her full time to such enterprise and that through their joint and common efforts, acting together as a mutual partnership and joint enterprise from about September 15, 1934 to about July 16, 1947, and they together did accumulate and acquire the above described properties through their mutual combined efforts and prior to their final separation when such relationship was terminated under the aforesaid conditions and that your plaintiff is entitled to a division of their mutual properties. * * *"

The appellee answered that he was never married to appellant, but that they lived together unmarried, and that he, appellee, could not have married appellant had he desired so to do as he had a living wife at the time appellant took up her abode with him, and that appellee's said wife is still living.

The court, trying the case without a jury, rendered judgment for appellee, finding in effect that appellant and appellee had never been married to one another, and that the relationship between them was at all times, as they well knew, meretricious; and the court denied appellant any divorce or other recovery against appellee.

In response to appellant's request, the court filed findings of fact and conclusions of law. The court found, among other facts: That, between 1934 and 1938, appellant, upon appellee's invitation, moved into his house and began living with him. That neither at said time nor at any time thereafter did the parties agree to become husband and wife. That while appellant was living with appellee she at times went by the name of Riley and at other times by the name of Timmons. That after they began living together, appellant on several occasions asked appellee to marry her, but he refused to do so. That, when the parties began living together, appellant was told by appellee that he was married to one Maud Turner Timmons by a ceremonial marriage in 1922, and that the said Maud was living and undivorced from him. The court further found that the said Maud Timmons remained alive and undivorced from appellee at all the times appellant and appellee remained living together.

Appellant predicates this appeal upon four points:

First: That the trial court erred in holding as a matter of law that the marriage between Lige Timmons and Maud Turner (appellee's ceremonially married wife) had not been dissolved.

Second: That the trial court erred in holding that there was no common-law marriage between appellee and appellant.

Third: That the trial court erred in holding that a putative marriage had not been contracted by appellant.

Fourth: That the trial court erred in holding that appellant was not entitled to any part of the property accumulated by appellee and appellant by their joint and mutual efforts.

We overrule appellant's points.

Appellant makes no contention that she contracted a statutory or ceremonial marriage with appellee, but insists that the parties entered into a valid common-law marriage. No doubt the leading case on the requirements essential to a common-law marriage in Texas is Grisby v. Reib, 105 Tex. 597, 153 S.W. 1124, L.R.A.1915E, 1, Ann.Cas.1915C, 1011. In that case, 105 Tex. at page 607, 153 S.W. at page 1129, the court quoted with approval the following language as embodying what

is necessary to the formation of such a marriage. "Each mutually agreeing that they would then and thenceforth be husband and wife, and, upon the faith of such mutual agreement and promise, they then and thenceforth cohabited and lived together as such husband and wife, and so continued." It is fundamental that, without his consent, a party cannot enter into a marriage with another. While it is true that under certain circumstances a party may estop himself from denying that he is married to another, there is no contention here, and no basis for any contention here that appellee is estopped from denying that he is married to appellant. Appellant knew that appellee was married to another, and that he could not, even had he wished, have formed a marriage relationship with her, and that he would not consent to marry her.

We will not extend the length of this opinion to examine appellant's contention that, under the facts of this case, the law would presume that appellant's wife was dead, and that the impediment to marriage was removed. It is enough to say that appellant makes no contention that appellee did not believe that his wife was alive, and that he declined to marry her, and that she continued to live with him knowing that he would not consent to marriage with her. Under such facts there could be no common-law marriage, no matter how long she continued the illicit relationship. Under such facts she could not qualify as a putative wife. See Cameron v. Cameron, Tex.Civ.App., 103 S.W.2d 464, writ refused.

■ The law clothes the wife and putative wife with rights and obligations, including the right to share in community property. Had appellant and appellee formed a partnership to engage in some legitimate business venture, the fact that they also lived together illicitly would not prevent them from asserting their legitimate property rights against each other growing out of their legitimate partnership business. But the fact that appellant cooked and washed for appellee, did not entitle her to share the wages he earned from a tool company in Houston. There was evidence that she sometimes lent a hand in a wood yard appellee ran for a time. There is no evidence that such services were not volunteered, and there is no evidence what the value of such services were. A wife does not have to prove the value of her services, for the law makes it the duty of the husband to support his wife, and any property acquired during marriage, with certain exceptions, belongs to the community. But community property has no application to a meretricious relationship.

■ The court correctly refused to grant a divorce, it being proved there was no marriage. The court correctly refused to partition any property standing in the name of appellee, as the evidence failed to show that she owned any interest therein. The court correctly refused to grant any judgment against appellee for the value of appellant's services because (1) appellant sought no such recovery (2) and appellant failed to prove the value of any services, or that they were not voluntarily rendered.

Judgment is affirmed.